Whitehead, J.
Plaintiff brought this action against defendants on an account annexed to recover damages for breach of a contract concerning the operation and contemplated purchase of a restaurant. As part of its claims, plaintiff asserts that defendants failed to reimburse it for certain bills which it paid in connection with the operation of the restaurant. Plaintiff sought the production of records of the defendants which, plaintiff asserts, would have established that the bills were due and outstanding when plaintiff took over the restaurant and were therefore payable by defendants. Plaintiff also requested admissions from defendants to the same effect.
Defendants failed to comply with two orders of the Court requiring production of the requested documents. Consequently, the Court ordered that defendants’ liability for reimbursement of the subject bills be taken as established. The Court further ordered that defendants reimburse plaintiff for the attorneys fees and costs which plaintiff reasonably had incurred in seeking to compel production of the documents.
Subsequently, plaintiff sought to recover the attorneys fees and costs which it had expended, up until the Court’s order, in attempting otherwise to establish defendants’ liability on the bills. Plaintiffs basis for doing so was defendants’ unequivocal denial of liability in response to plaintiffs request for admissions. Defendants assert that they were not in a position to admit liability because they did not have available to them records which bore on the subject. However, if that was the case, they should have said so in their response to the request for admissions. In the circumstances, an unequivocal denial contravened the rule. See Mass.R.Civ.P. 36(a)(1)(ii). Defendants assert further that plaintiff has not affirmatively established the fact of liability. However, the Court’s order relative to the motion to compel operates as a matter of law to establish that fact. Hence, defendants, in fact, have violated Mass.R.Civ.P. 36(a), and plaintiff is entitled to recover its fees and costs in attempting to prove the facts which should have been admitted. See Mass.R.Civ.P. 37(c).[1]
In terms of the amount of fees and costs to be recovered, plaintiff has submitted an affidavit of counsel which itemizes total fees and costs incurred in the amount of $52,066.95. The itemization includes 162.2 hours of attorney time at an hourly rate ranging from $275.00 to $325.00, for a total of $44,830.00. The balance consists of miscellaneous expenses.
The Court does not doubt that the fees and expenses were incurred and does not question the hourly rate of $275.00 charged by principal counsel, Mr. Wolf. However, the matter of plaintiffs reimbursement for the restaurant’s bills was not the only matter at issue in the case. It appears that a good portion of the time which was itemized involved work which overlapped onto other issues. Therefore, an award of the full amount of itemized fees and costs would exceed the remedial nature of the sanction which has been imposed. Even more importantly, the amount of reimbursement for the restaurant’s bills accounts for only approximately $16,000 of the $53,301.45 which is stated in the account annexed. Attorneys fees and *740 costs of $52,066.95 to establish liability on a $16,000 obligation would be clearly unreasonable.
What amount would be reasonable? In the view of the Court, the issue of whether or not the bills were due and owing was essentially black and white. Either they had been paid by defendants or they had not. Pursuing the records of defendants which would establish nonpayment was certainly a reasonable approach to take. Doing so by way of motions to compel when production was not forthcoming also was reasonable. Although it is difficult to tell with precision, it appears that plaintiffs counsel spent approximately 30 hours on the motions to compel. Given defendants’ refusal to cooperate, the Court concludes that that amount of time was reasonable.
At the time that plaintiff pursued the requests for admissions, it could not foresee that ultimately it would succeed in obtaining a Court order of liability on the reimbursement issue. Thus, it was reasonable for plaintiff to pursue proof of the issue after the request for admissions had been denied and simultaneously with the production of documents. Plaintiff did so byway of depositions. In the view of the Court, a reasonable time to spend on so much of the depositions as involved the bills in question was minimal. As the Court has noted, the issue was black and white. The Court therefore allocates to the issue 10 hours of the total time actually spent on the depositions.
Thus, multiplying 40 hours of attorney time by Mr. Wolfs rate of $275, the Court arrives at an award of attorneys fees in the amount of $11,000.00 Even this amount is somewhat high in relation to the amount of liability which was sought to be established. However, the Court must keep in mind that the work expended was precipitated by defendants’ failure to do that which the rules required that they do. The Court will also pro-rate the total miscellaneous expenses itemized by plaintiff and award $1,500 in expenses.
Thus, the Court’s total award of costs and expenses shall be $12,500.00. That amount shall be paid by defendants Union Grill, Inc. and Robert Gibson to plaintiff forthwith. Liability for this award is joint and several.

To some the costs of proving the denied facts subsume the costs of securing the production of the documents that were the subject of the Court’s orders to compel.